IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **BEHAVIORAL INTERVENTIONS,** Inc., | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 04-0872-CV-W-GAF |
| **MISSOURI OFFICE OF ADMINISTRATION, et al.** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Presently before the Court is a joint stipulation of dismissal (Doc. 61) submitted by the parties in this case pursuant to Rule 41 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(a)(1)(ii). Plaintiff Behavioral Interventions, Inc. ("Behavioral") and Defendants (collectively as "the Administration") claim to have reached a settlement and further represent to the Court that all matters in dispute have been resolved. On September 27, 2004, Behavioral filed a verified complaint (Doc. 1) with the Court seeking declaratory relief for, among other things, alleged violations of Equal Protection Clause of the Fourteenth Amendment of the United States Constitution relating to the award of a contract for the procurement of electronic monitoring services the Administration. Having reviewed the settlement agreement submitted by the parties, it is with some reservation that this Court ORDERS that the above captioned action be DISMISSED.

Behavioral is a company based in Boulder, Colorado that provides electronic monitoring services for correction facilities. Prior to September 27, 2004, Behavioral was contracted by the Missouri

Department of Corrections ("the Department") to provide electronic monitoring services. In keeping with Missouri legislation seeking to ensure equality in the manner in which government contracts are awarded, the Administration issued a request for proposals for electronic monitoring services on July 27, 2003. This request included a mandatory 30% M/WBE requirement, that is, that 30% of the total dollar value of the contract would go to firms that had been certified as M/WBE. Any offer that did not include 30% participation was to be rejected unless the offeror requested and was granted a waiver.

After conducting research, Behavioral concluded that no firms certified as M/WBE had experience in performing work related to electronic monitoring systems. As a result, Behavioral requested that the 30% participation requirement be removed and, on August 28, 2003, the Administration deleted the requirement. Less than a week later, however, on September 3, 2003, the requirement was reinstated without explanation. Following the reinstatement of the requirement, Behavioral was approached by one firm, Professional Services & Resources Inc. ("PSRI"), who expressed interest in the participating in the project and was certified as both MBE and WBE. An analysis of the possible contributions of PSRI, however, revealed that 19.6% of the total contract value was the highest M/WBE participation that Behavioral could attain.

Having failed to attain the required 30% M/WBE participation, Behavioral applied for a waiver. The application was denied and the contract was ultimately awarded to Securicor EMS ("Securicor"). Behavioral filed a protest letter with the Administration on August 13, 2004. The Administration's contract with Securicor took effect on September 27, 2004, the same day that Behavioral filed this lawsuit and their concurrent motion for a temporary restraining order. The Administration denied Behavioral's protest on October 12, 2004.

In entering its order of preliminary injunction (Doc. 34) on January 24, 2005, this Court concluded that there was a substantial likelihood that Behavioral would succeed on the merits at trial with respect to there claim that the W/MBE requirement is unconstitutional. Because the M/WBE program is based upon classifications of race and gender, the Court concluded that the Administration's programs would be subject to strict scrutiny in order to satisfy constitutional requirements. *See* Graham v. Richardson, 403 U.S. 365, 372 (1971). In so doing, this Court found that the Administration would be faced with the extremely heavy burden of demonstrating that the classifications of the M/WBE program serve a compelling state interest while being accomplished by the least restrictive alternative. Miller v. Johnson, 515 U.S. 900, 904 (1995). Consequently, it is this Court's duty to note that a quota system, such as the one envisioned by the Administration's M/WBE program, is inapt to narrowly tailor "remedial relief to those who suffered the effects of prior discrimination" and, therefore, highly unlikely to survive a challenge under strict scrutiny. *See* City of Richmond v. J.A. Croson Co., 488 U.S. 469, 508 (1989). This is especially true under the circumstances of this case where the evidence has indicated that the M/WBE program neither provides for a meaningful appeals process, nor is based upon current or relevant data.

Accordingly, notwithstanding the reservations set forth by this Court, based upon the joint filing of a stipulation of dismissal, this matter is hereby DISMISSED with prejudice. It is further ORDERED that the preliminary injunction entered on January 24, 2005, is hereby dissolved. Each party to this action shall bear its own costs.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner

GARY A. FENNER, JUDGE
United States District Court

DATED: May 17, 2005